IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRVING TYRONE FLANAGAN, | § | |
| Movant, | § | |
| | § | No. 3:20-cv-02453-K |
| v. | § | No. 3:14-cr-00340-K-4 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| Respondent. | § | |
| | § | |

MEMORANDUM OPINION AND ORDER

Movant Irving Tyrone Flanagan ("Flanagan") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 2). For the reasons addressed below, Flanagan's motion to vacate is DENIED with prejudice.

I. BACKGROUND

Flanagan pleaded guilty to interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery) and 2 (count one); and using, carrying, and brandishing a firearm during and in relation to and possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). On November 13, 2019, Flanagan was sentenced to a total term of 120 months' imprisonment. He received 36 months' imprisonment on count one and 84 months' imprisonment on count two, with the two terms to run consecutively. Flanagan

1

was also ordered to pay $370, 718.72 in restitution.  He did not file a direct appeal.

On August 12, 2020, Flanagan filed this § 2255 motion.  In his sole claim, he argues that considering the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), his § 924(c) conviction (count two) violates his due process rights and is unconstitutional.

## II. DISCUSSION

In *Davis*, the Supreme Court held that the "residual clause" found in § 924(c)(3)(B) is unconstitutionally void for vagueness. 139 S. Ct. at 2336. Flanagan's *Davis* argument is based on a mistaken belief of the facts of his case. Specifically, Flanagan argues that his § 924(c) conviction is invalid because it is predicated on conspiracy to commit Hobbs Act robbery, which after *Davis*, no longer qualifies as a "crime of violence" under § 924(c) and therefore cannot serve as a predicate for a § 924(c) offense.  (Doc. 2 at 4-6, 8.)  However, Flanagan's § 924(c) conviction is supported by Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery, as he argues.  Flanagan is therefore not entitled to relief.

In *Davis*, the Fifth Circuit specifically affirmed the § 924(c) convictions at issue on the basis that they were predicated on a substantive Hobbs Act robbery. *See United States v. Davis*, 903 F.3d 483, 484-85 (5th Cir. 2018) (per curiam), *affirmed in part, vacated in part, and remanded by Davis*, 139 S. Ct. at 2319

(affirming § 924(c) convictions predicated on Hobbs Act robbery and relying on *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017), which held that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s elements clause). The Supreme Court did not disturb that holding. *See Davis*, 139 S. Ct. at 2325, 2336. And on remand, the Fifth Circuit "continue[d] to affirm" the § 924(c) convictions based on a Hobbs Act robbery. *United States v. Davis*, 784 F. App'x 277, 278-79 (5th Cir. 2019) (per curiam). Therefore, even following the Supreme Court's decision in *Davis*, Hobbs Act robbery remains a crime of violence that supports a § 924(c) conviction. *See Branham v. McConnell*, 2021 WL 5175034, at *1 (5th Cir. Nov. 5, 2021) (per curiam) ("The predicates for Branham's § 924(c) convictions are substantive Hobbs Act robberies, which are crimes of violence under § 924(c)(3)(A) (elements clause).") (citing *United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018); *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016)).

In sum, Flanagan's § 924(c) conviction is predicated on substantive Hobbs Act robbery, a "crime of violence" under § 924(c)'s elements clause, and it remains a valid conviction following *Davis*. His *Davis* claim will therefore be denied.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court will address whether the issuance of a certificate of appealability (COA) is appropriate here. Under Rule 11 of the Rules Governing

Section 2255 Proceedings, the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. Appx. 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. 322 at 327); *see Foster*, 466 F.3d at 364. Considering the specific facts of this case and the relevant law, the Court fails to find that "jurists of reason could debate the propriety" of the actions taken in this order or otherwise conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, the Court denies Flanagan a COA.

4

## IV.  CONCLUSION

For the foregoing reasons, Flanagan's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 2) is DENIED with prejudice. The Court also DENIES a certificate of appealability.

SO ORDERED.

Signed August 11th, 2022.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE